IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


MICAH C. DAVIDSON,

       Appellant,

 v.                                                                              Case No. 5D15-3594

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed June 3, 2016

Appeal from the Circuit Court
for Volusia County,
Randell H. Rowe, III, Judge.

James S. Purdy, Public Defender, and
Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Deborah A. Cheesman,
Assistant Attorney General, Daytona
Beach, for Appellee.


COHEN, J.

      Micah Davidson appeals the denial of his pro se motion to withdraw his plea. This

was Davidson's second motion to withdraw the plea; the first was filed by counsel and

denied by the trial court. The court denied the second motion as well, on the belief that

the motion had been filed after the filing of a notice of appeal, leaving the court without jurisdiction to rule.

Davidson had delivered the second motion to jail officials on October 6, 2015, and the motion was stamped into the clerk's office on October 8th. The notice of appeal was not filed until October 12, 2015.[1] The order denying the motion was not entered until the following day. When a timely motion to withdraw plea is pending at the time a notice of appeal is filed, the trial court maintains jurisdiction to decide the motion. See Bolden v. State, 10 So. 3d 710, 710 (Fla. 5th DCA 2009). Additionally, Florida Rule of Appellate Procedure 9.020(i) provides in pertinent part;

> (i) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion . . . to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*) . . . the following exceptions apply:
>
> . . . .
>
> (3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last motion.

The trial court erred in determining that it lacked jurisdiction to rule on Davidson's motion to withdraw his plea. We express no opinion on the merits of the motion.

REVERSED and REMANDED.

---

[1] The trial court erroneously believed the notice of appeal had been filed on October 8th. While signed by counsel on the 8th, the notice of appeal was not filed with the office of the clerk of the court until October 12th. In either event, the motion was deemed filed prior to the notice of appeal.

WALLIS and LAMBERT, JJ., concur.